# Commonwealth *v.* Combs, Appellant.

*Criminal law—Murder—Degree—Presumption—Charge of court.*

On the trial of an indictment for murder, the court charged as follows: "So when you come to measure it up, the question is, whether the degree of guilt here rises above second degree. There is no presumption at the start that it is higher than that, unless in this case from the circumstances, the use of a deadly weapon at a vital part, with the presumption that the party

using it knew the consequences of his act, that he acted wilfully, deliberately and premeditatedly; if the evidence all shows wilful, deliberate and premeditated killing under those circumstances, with the intent to take life, then your verdict should be murder in the first degree. Otherwise, if there is a reasonable doubt as to that grade, it should be murder of the second degree." *Held*, that the portion of the charge quoted could not be construed as an instruction to the jury that there was a presumption of murder of the first degree.

*Criminal law—Murder—Evidence.*

On the trial of an indictment for murder testimony was admitted to the effect that the prisoner had been arrested and convicted of disorderly conduct at the instance of the deceased. This was subsequently stricken out on the ground that the record of the conviction, which was the best evidence of it, had not been produced. The court in striking out the testimony said that there still remained in the case considerable testimony as to the arrest of the prisoner at the instance of the deceased, from which the jury might determine that there was some ill feeling between them. *Held*, that the remark of the court was not error.

Submitted May 21, 1906. Appeal, No. 93, Oct. T., 1906, by defendant, from judgment of O. & T. Allegheny Co., March T., 1905, No. 41, on verdict of guilty of murder of the first degree in the case of Commonwealth v. Cornelius Combs. Before BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.    Affirmed.

Indictment for murder.    Before BROWN, J.

At the trial it appeared that the prisoner was indicted for the killing of Mary Elizabeth Dickerson by shooting her on February 8, 1905.

The court charged in part as follows:

[So, when you come to measure it up, the question is, whether the degree of guilt here rises above second degree, because it is clear that it is at least second degree. There is no presumption at the start that it is higher than that, unless in this case from the circumstances, the use of a deadly weapon at a vital part, with the presumption that the party using it knew the consequences of his act, that he acted wilfully, deliberately and premeditatedly; if the evidence all shows wilful, deliberate and premeditated killing under those circumstances, with the intent to take life, then your verdict should be murder of the first degree. Otherwise, if there is a reason-

able doubt as to that grade, it should be murder of the second degree.] [1]

Verdict of guilty of murder of the first degree.

*Errors assigned* were (1) above instruction, quoting it; (2, 3) rulings on evidence referred to in the opinion of the Supreme Court.

*Joseph F. Mayhugh* and *W. F. Petty*, for appellant.

*Robert E. Stewart*, district attorney, for appellee, filed no printed brief.

PER CURIAM, June 27, 1906 :

That portion of the charge which is the subject of the first assignment of error, whether standing alone or taken in connection with the rest of it, cannot be construed as an instruction to the jury that there was a presumption of murder of the first degree in this case.   They were instructed in another portion of the charge that, " under the law of this state the presumption against the accused rises no higher than murder of the second degree, which results where there was no malicious intent to kill, but an attempt only to do great bodily harm.   To establish murder of the first degree the burden of proof is upon the commonwealth; that is, to raise the degree of guilt from second degree to the higher one of first degree, the burden of proof is upon the commonwealth."   The second point submitted by the defendant was : " The degree of murder cannot rise higher than second degree, unless it was shown beyond a reasonable doubt that at the time of the homicide the defendant was possessed of that self-determining power which, in a sane mind, renders it fully conscious of the real nature of its own purpose, and capable of resisting wrong impulses."   This was affirmed. What the jury must have understood the learned trial judge as saying in the language complained of, was that, though the presumption at the start was that the degree of guilt was not higher than murder of the second degree, such presumption might be overcome from the very beginning of the commonwealth's presentation of its case in the narration of the circum-

stances attending the commission of the crime ; and this was correct.

The purpose of asking about the conviction of the prisoner of disorderly conduct before the mayor on the complaint of the deceased was to show ill feeling between them. The testimony was objected to apparently for the reason that the record of the conviction, which was the best evidence of it, had not been produced. The testimony as to the conviction was stricken out, with the remark by the court that there still remained in the case considerable testimony as to the arrest of the prisoner at the instance of Mrs. Dickerson, from which the jury might determine that there was some ill feeling between them. In this there was no error. The three assignments are dismissed.

The judgment is affirmed and the record remitted for the purpose of execution.